## STATE ex MADWOOD CO v VOGEL

Ohio Appeals, 6th Dist, Lucas Co

No 2484. Decided Jan 26, 1931

Doyle & Lewis, Toledo, for Realty Co.

Martin S. Dodd, Toledo, for Vogel.

LEMERT, SHERICK & MONTGOMERY, JJ (5th Dist) sitting.

SHERICK, J.

It is truthfully charged by the relator that the Board refused its permit by reason of the fact that the relator's application conflicted with Section 16-2 of Ordinance No. 3045. This further amendatory ordinance has to do with "Set-Back Exceptions" on certain lands abutting on certain streets, that are designated major streets which are contemplated to be widened at some indefinite future time. And it is charged that Section 16-A violates certain Code provisions of the state law and also certain Constitutional provisions and, in fact, the terms of the Zoning Ordinance itself.

However, this court is of opinion that it is without authority to determine this question by reason of the matters hereinafter to be stated.

The relator does not assert that Ordinance No. 3681, which has previously been commented upon, is unconstitutional. We therefore assume that it is conceded that it is constitutional. In fact, the relator invoked its aid in the matter of his appeal to the Administrative Board. This section plainly places a limitation upon the right, power and duty of the Commissioner of Inspection to issue a permit when an application shows upon its face that it violates a provision of the city's zoning ordinance. There can be no question but that he has only such power as is delegated to him by ordinance. And it must be equally true that it is not within his province to determine the constitutionality of an ordinance of council.

This fact seems to us to be recognized by the parties, for it is agreed as a fact in the tenth stipulation that "Said Adimnistrative Board affirmed the Building Commissioner's refusal and refused to order him to issue said permit, and that said Commissioner is willing to issue said permit upon order from the Administrative Board."

The Administrative Board is not a party to this suit, and no duty is imposed upon the Inspector to issue the permit in the absence of authorization by the Administrative Board. We believe that the case of **State ex rel Mason vs. Palmer, Building Inspector, 119 Oh St 585**, is directly in point and controlling in the situation which now confronts us.

The superior, the Administrative Board, and not the subordinate, the Commissioner of Inspection, seems to us to be responsible for the official act in question, and it is not the duty of the Inspector to disregard the judgment of the Administrative Board and refuse to act in accordance therewith, simply because, in his judgment, his superior has erred.

It therefore follows that the writ will be denied, and the petition of the relator is dismissed at its costs.

Lemert, PJ, and Montgomery, J, concur.